[No. 12046. Department Two. — July 1, 1887.]

# GEORGE A. CULBERTSON, APPELLANT, *v.* P. KINEVAN, RESPONDENT.

TURNPIKE CORPORATIONS — DEMAND AND RECEIPT OF EXCESSIVE TOLLS — PENALTY. — Under section 31 of the act of May 12, 1853, providing for the formation of corporations for the construction of plank and turnpike roads, a toll-gatherer who receives from any person more than he is authorized to collect as toll is not liable for the penalty imposed by that section, unless he also demanded the excessive amount of the person paying the same.

ID. — FAILURE OF SUPERVISORS TO FIX TOLLS. — The failure of the board of supervisors of the county through which a toll-road passes, to fix the rates of toll to be collected thereon during a particular year, as required by the act of April 28 1857, amending the act of May 12, 1853, does not render a person who demands and receives tolls thereon during such year liable for the penalty prescribed by section 31 of the latter act for demanding and receiving excessive tolls.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*W. C. Stratton,* for Appellant.

*Fernald, Cope & Boyce,* for Respondent.

SHARPSTEIN, J.—This action is brought under section 31 of an act to authorize the formation of corporations for the construction of plank and turnpike roads, passed May 12, 1853, which provides that every toll-gatherer who demands and receives from any person more than he is authorized to collect, for each offense forfeits the sum of ten dollars to the person aggrieved. The case was tried by the court, which found that in 1868 a corporation called " the Santa Barbara and Santa Ynez Turnpike Road Company," to continue for twenty years, was formed under the act of the legislature of May 12, 1853; and that said corporation in 1869 constructed and opened its road to the public for travel, and it has been kept up and used for that purpose ever since; that for more than fifteen years the defendant has been and still is the authorized toll-gatherer on said road.

That on the thirtieth day of November, 1883, the plaintiff passed over said road with two horses and a wagon, and at the " San Marcos Pass," or " Pat's Station," so called, at the toll-gate on Santa Ynez Mountains on said road and in the county of Santa Barbara, paid to the defendant, as toll-gatherer of said road, $1.50 for toll for passing over said road, without any objection whatever; that plaintiff knew then and had long known the toll-road, and had frequently passed over it before, and had paid the accustomed rate of toll according to the rate of toll which he saw posted up at the gate; that defendant then appeared at the toll-gate and received said toll as toll-gatherer for said corporation, as he had been ac-

customed to do in all other cases, and in the belief that he had good right to collect and receive the same.

That said sum so paid by plaintiff for toll was the exact amount which plaintiff and others had theretofore paid defendant for toll for the same team, to wit, two horses and a wagon, and the same amount which defendant had collected for such teams during all the time he had been such. toll-gatherer on said road, and the exact amount prescribed and fixed by the board of supervisors of Santa Barbara County for toll on said road by its order made on the fourth day of August, 1869, and entered on the minutes of said board on that day.

That no other order relating to any of the matters mentioned in said order, or to the tolls to be charged by said turnpike company, was passed by said board of supervisors before the commencement of this action, to wit, on the twenty-eighth day of September, 1884.

And as a conclusion of law from the foregoing facts, the court finds separately:—

That no action has accrued for a forfeiture, and that plaintiff is not entitled to recover any penalty from defendant in this action, and this cause ought to be dismissed, and that defendant recover his costs and disbursements in this behalf laid out and expended, and it is hereby so ordered and adjudged, and that judgment be entered in this court accordingly.

Judgment was so entered, and this appeal is from the judgment. The appellant insists that the judgment is not justified by the findings, and cites an act to amend the act of 1853, above referred to, approved April 28, 1857, which provides "that such companies as have already organized, or that may hereafter organize, under the provisions of this act, and the act of which this is amendatory, shall only be allowed to put up and keep such toll-gates, demand, collect, and receive such tolls as may be fixed and prescribed by the board of supervisors

of the county or counties through which such road or roads may pass; such gates and tolls to be fixed and prescribed by such board of supervisors, as aforesaid, from year to year. And if any company or companies shall violate the provisions of this act, by putting up any toll gate or gates, or by collecting any toll or tolls, except as may be fixed and prescribed by such board of supervisors as aforesaid, such company or companies shall forfeit all their corporate rights in such road or roads, turnpike or turnpikes, bridge or bridges, ferry or ferries, to the counties in which the same may be situated. Such company or companies may be prosecuted for such violation, as aforesaid, before any justice of the peace, in any township through which said road passes." (Stats. 1857, p. 280.)

It is claimed that the failure to find that this law in all respects had been complied with, and the finding that in some respects it had not been, is fatal to the judgment.

It is apparent at a glance that the penalty prescribed by that act is not the one sued for in this action.

The statute does not make the toll-gatherer liable for acts or omissions of the board of supervisors, or of the corporation which employed him. It is when he demands and receives more than he is authorized by law to collect that he becomes liable to the party aggrieved.

In this case it is claimed that the corporation was not entitled to demand and receive anything, and therefore that any sum whatever was more than the toll-gatherer was authorized to collect.

We think section 31 of the act of 1853 does not apply to such a case, but to a case where the law authorizes the collection of some amount of toll, and the toll-gatherer demands and receives *more* than that amount. If the defendant in this case was authorized to collect anything, he collected no more than he was authorized to collect. If he was not authorized to collect anything,

and did collect something, it would not be construing the word " more " according to the context and the approved usage of the language to say that he collected *more* than he was authorized to collect.

It is only when a toll-gatherer demands and receives more than he is authorized to collect that he incurs the penalty prescribed. In this case it is not found that anything was *demanded* by the defendant. The finding is, that plaintiff paid, and the defendant received, the amount of the toll, and that the plaintiff paid that amount, "without any objection whatever," as he had frequently done before. The court does not distinctly find that the defendant made no demand, but the facts found negative the idea that any was made, and if none was made, no penalty was incurred, for there must be a demand as well as a receipt of toll to constitute the offense.

Judgment affirmed.

McFARLAND, J., and THORNTON, J., concurred.